ing a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. The plaintiff's intestate was killed by being struck by the sudden movement of a standing car while he was on the dock of the New York Dock Company, engaged in work incidental to the repair of machinery upon a steamship which was lying in berth at the dock. The motion of the car which struck the plaintiff's intestate was caused by the defendant backing against it, without warning, a locomotive and six cars for the purpose of coupling with the car and moving it for switching purposes.

*E. C. Sherwood, Martin A. Schenck* and *Benjamin C. Loder* for appellant.

*John Winans* and *Alfred T. Rowe* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

MILTON J. WHITFORD, Respondent, *v.* TOWN OF ONONDAGA, Appellant.

*Negligence — highways — liability of town for injuries occasioned by automobile striking loose stone in highway.*

*Whitford* v. *Town of Onondaga*, 199 App. Div. 909, affirmed.

(Argued October 11, 1922; decided October 27, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 22, 1921, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries and injury to property alleged to have been occasioned plaintiff through the negligence of defendant in failing to keep its highways free from obstruction. It was alleged that while plaintiff was driving his automobile on the East Hill road between Jamesville and Rockwell Springs the left front wheel struck a loose boulder causing the car to overturn and resulting in the damage complained of.

*Edmund H. Lewis* for appellant.

*D. J. Seubert* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ.   Dissenting: McLAUGHLIN, J.

---

RALPH R. MILLER, Appellant, *v.* ERIE RAILROAD COMPANY, Respondent.

*Negligence — railroads — trespass — when trespasser upon railroad property injured by backing train may not recover.*

*Miller* v. *Erie R. R. Co.,* 178 App. Div. 949, affirmed.

(Argued October 11, 1922; decided October 27, 1922.)

APPEAL from a judgment, entered May 18, 1917, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff, while standing upon defendant's tracks watching a fire, was struck by a backing train and received the injuries complained of. It was held that plaintiff was a trespasser and that the evidence did not justify a finding that the defendant wantonly, willfully or recklessly operated its train, resulting in plaintiff's injury.

*Hamilton Ward* for appellant.

*John W. Ryan* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.